Matthew D. Benedetto (*pro hac vice* forthcoming)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone:  (213) 443-5300
Facsimile:  (213) 443-5400
matthew.benedetto@wilmerhale.com

Noah Levine (*pro hac vice* forthcoming)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
7 World Trade Center
250 Greenwich St.
New York, NY 10007
Telephone: (212) 230-8875
Facsimile: (212) 230-8888
noah.levine@wilmerhale.com

Kobi Kennedy Brinson (SBN 23827)
Kevin Zhao (SBN 53680)
WINSTON & STRAWN LLP
300 South Tryon St., 16th Floor
Charlotte, NC 28202
Telephone:  (704) 350-7747
Facsimile:  (704) 350-7800
kbrinson@winston.com
kzhao@winston.com

*Attorneys for Defendant Bank of America, N.A.*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KANANI WOLF, Individually and On Behalf of All Others Similarly Situated<br><br>               Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, N.A.,<br><br>               Defendant. | Case No. _____<br><br>**NOTICE OF REMOVAL**<br><br>State Court Docket: Superior Court of North Carolina, Mecklenburg County<br><br>Case No. 22 CVS 16723<br><br>Complaint Filed: October 17, 2022 |

1

**TO THE CLERK OF THE ABOVE-TITLED COURT:**

PLEASE TAKE NOTICE THAT, for the reasons stated below, Defendant Bank of America, N.A. ("Bank of America") hereby removes the above-captioned action from the Superior Court of North Carolina, Mecklenburg County to the United States District Court for the Western District of North Carolina.

As grounds for removal, Bank of America states as follows:

**SUMMARY**

1. A defendant may remove an action from state court pursuant to 28 U.S.C. § 1441(a) if the federal district court has original jurisdiction over the action.

2. This Court has original jurisdiction over this action (1) because Plaintiff Kanani Wolf alleges a violation of the Electronic Funds Transfer Act ("EFTA") (15 U.S.C. §§ 1693, *et seq*.), which is a claim arising under the Constitution, laws, or treaties of the United States within the meaning of 28 U.S.C. § 1331, and which may be removed from state court pursuant to 28 U.S.C. § 1441(a); and (2) as an alleged class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant" and in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2), which may be removed from state court pursuant to 28 U.S.C. § 1453(b).

3. The state law claims alleged in the Complaint are subject to removal under 28 U.S.C. § 1441.

**PROCEDURAL HISTORY AND BACKGROUND**

4. On October 17, 2022, Plaintiff Kanani Wolf filed a putative class action complaint captioned *Kanani Wolf v. Bank of America, N.A.*, Case No. 22 CVS 16723, in the Superior Court of North Carolina, Mecklenburg County. A copy of the complaint, together with all process,

pleadings, and orders served on Bank of America in the state court action, is attached hereto as Exhibit A.

5. In the Complaint, Plaintiff alleges that Bank of America has made "misrepresentations and omissions… about the Zelle money transfer service" which "deceived its customers and damaged BofA account holders who: have been the victim of 'bank employee impersonation' fraud… who have incurred losses due to that particular fraud that have not been reimbursed… and who were entitled… to a full reimbursement of [such] losses." Compl. ¶ 2. The Complaint asserts, on behalf of putative Nationwide and California classes, violations of the EFTA, North Carolina's Unfair Trade Practices Act ("NCUTPA"), California's Unfair Competition Law ("UCL"), and California's False Advertising Law ("FAL"), and brings a common law claim for breach of contract. *Id.* ¶¶ 107-78. Plaintiff seeks actual and punitive damages, restitution, and injunctive relief. *Id.* at 16. Bank of America disputes the allegations in the complaint and disputes that Plaintiff is entitled to any relief.

6. Plaintiff mailed the original complaint and summons to Bank of America via FedEx on October 21, 2022. Bank of America received process on October 24, 2022. Bank of America's time to respond to the complaint and summons has not expired, and Bank of America has not served or filed an answer.

7. This notice of removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within 30 days of October 24, 2022, the date on which Bank of America received a copy of the complaint and summons. No previous notice of removal has been filed or made to this Court for the relief sought herein.

8. This action is removable to this Court because Mecklenburg County is located in the Western District of North Carolina. *See* 28 U.S.C. § 1441(a).

## GROUNDS FOR REMOVAL

9. A defendant may remove an action from state court if the federal district court has original jurisdiction over the action. 28 U.S.C. § 1441(a).

### I. The Court Has Original Jurisdiction Under 28 U.S.C. § 1331.

10. "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002). "Under the longstanding well-pleaded complaint rule… 'a suit arises under federal law… when the plaintiff's statement of [her] own cause of action shows that it is based upon federal law.'" *Richard v. Tallant*, 2022 WL 2526680, at *2 (4th Cir. (N.C.), 2022).

11. Plaintiff alleges a violation of the EFTA, 15 U.S.C. §§ 1693, *et seq*, a federal statute, and thus this Court has original jurisdiction over this action under 28 U.S.C. § 1331, and the action may be removed under 28 U.S.C. § 1441(a).

12. This Court has jurisdiction over the remaining state law claims because they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Such actions may be removed from state court pursuant to 28 U.S.C. § 1441(a).

13. Plaintiff's federal and state claims "derive from a common nucleus of operative fact," such that the exercise of supplemental jurisdiction is proper. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Specifically, the EFTA claim, the California and North Carolina statutory claims, and common law claim derive from the same constellation of alleged events concerning Plaintiff's transfer of funds through Zelle to a fraudster who allegedly impersonated as a Bank of America representative. Compl. ¶¶ 87-97. The claims "form part of the same case or controversy under Article III of the United States Constitution," and therefore warrant this Court's exercise of supplemental jurisdiction. 28 U.S.C. § 1367(a).

## II. The Court Has Original Jurisdiction Under 28 U.S.C. § 1332(d).

14. This Court additionally has original jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

15. CAFA vests federal district courts with "original jurisdiction of any civil action" (A) that "is a class action," (B) in which "the number of members of all proposed plaintiff classes in the aggregate is [not] less than 100," (C) in which "any member of a class of plaintiffs is a citizen of a State different from any defendant"; and (D) in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d). When these criteria are satisfied, "a defendant sued in a class action in a state court is presumptively entitled to remove the proceedings to federal court." *Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*, 928 F.3d 325, 330 (4th Cir. 2019). This action satisfies these requirements.

### *A. This Action Is A Putative Class Action*.

16. Original jurisdiction under CAFA applies to any civil action that "is a class action." 28 U.S.C. § 1332(d)(2). A "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

17. North Carolina Rule of Civil Procedure 23 provides in relevant part: "If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued." This rule is the North Carolina state analog to Federal Rule of Civil Procedure 23.

18. Plaintiff brings her lawsuit pursuant to North Carolina Rule of Civil Procedure 23 "individually and as representatives [sic] of all those similarly situated, on behalf of … [a]ll

persons with a [Bank of America] account who were subject to a [Bank of America] employee impersonation scam or me-to-me scam and incurred unreimbursed losses due to fraud using the Zelle service," as well as a subclass of all such people residing in California. Compl. ¶ 98. She raises "class allegations," *see id.*, and seeks an order "[c]ertifying the proposed Classes, appointing Plaintiff as representative of the Classes, and appointing counsel for Plaintiff as lead counsel for the respective Classes," *id.* at 36. This action is therefore a putative class action removable under CAFA under 28 U.S.C. § 1332(d)(2).

### B.  *The Putative Class Is Sufficiently Numerous*.

19. Under 28 U.S.C. § 1332(d)(5)(B), the number of members of all proposed plaintiff classes must equal or exceed 100 in the aggregate for the action to be removable under CAFA.

20. Plaintiff proposes to represent a class consisting of "[a]ll persons with a [Bank of America] account who were subject to a [Bank of America] employee impersonation scam o me-to-me scam and incurred unreimbursed losses due to fraud using the Zelle service," as well as a subclass of all such people residing in California. Compl. ¶ 98. She alleges that there are "thousands of similarly situated Bank of America accountholders." *Id.* ¶ 1. The proposed class is thus sufficiently numerous under 28 U.S.C. § 1332(d)(5)(B).

### C.  *There Is Diversity Of Citizenship Between The Parties*.

21. A putative class action is removable if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

22. Plaintiff is "a citizen and resident of Santa Monica, California." Compl. ¶ 17.

23. Bank of America is "a federally chartered bank with its principal place of business in Charlotte, North Carolina." *Id.* ¶ 18.

24. Because Plaintiff is a citizen of California and Bank of America is a citizen of North Carolina, this is a putative class action in which "any member of a class of plaintiffs is a citizen of

a State different from any defendant." 28 U.S.C. § 1332(d). Diversity of citizenship accordingly exists between the parties.

### D. The Amount In Controversy Exceeds $5,000,000.

25. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). "The key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover but an estimate of the amount that will be put at issue in the course of the litigation." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017) (internal quotation marks and citation omitted).

26. Plaintiff seeks to recover monetary and injunctive relief on behalf of a nationwide class of Bank of America consumers who allegedly "incurred unreimbursed losses due to fraud using the Zelle service." Compl. ¶ 98. She demands actual, compensatory, punitive, exemplary, and treble damages, attorneys' fees and expenses, restitution and disgorgement, and equitable relief, on behalf of a proposed class of "[a]ll persons with a [Bank of America] account who were subject to a [Bank of America] employee impersonation scam or me-to-me scam and incurred unreimbursed losses due to fraud using the Zelle service," as well as a subclass of all such people residing in California. Compl. ¶ 98; *id.* at 36.

27. Plaintiff has not identified her purported methodology for calculating "unreimbursed losses" that occurred "due to fraud using the Zelle service," or any other measure of monetary relief demanded in the Complaint. Without conceding the validity of any such methodology, and although Bank of America denies that it is liable to Plaintiff or the members of the proposed Classes in any amount, the total value of unreimbursed claims submitted by consumers within the alleged class definition during the relevant limitations period(s) exceeds $5,000,000.

28. Accordingly, based on Plaintiff's compensatory damages demand, even before considering Plaintiff's additional demands for treble damages, punitive or exemplary damages, attorneys' fees, and equitable relief that, if granted, might be very costly to implement, the $5 million amount in controversy requirement for removal under CAFA is satisfied.

**OTHER PROCEDURAL MATTERS**

29. Promptly upon its filing, a true copy of this Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d). Pursuant to Federal Rule of Civil Procedure 5(d), Bank of America will file with this Court a Certificate of Service of notice to the adverse party of removal to federal court.

30. Upon the filing of this Notice of Removal, Bank of America will promptly file a Notification of Filing of Notice of Removal with the Clerk of the Superior Court of North Carolina, Mecklenburg County, in accordance with 28 U.S.C. § 1446(d).

31. By filing this Notice of Removal, Bank of America does not waive any defenses that may be available to it, including without limitation any defenses relating to service, process, and jurisdiction, and does not concede that the allegations in the complaint state a valid claim under any applicable law.

32. Bank of America reserves the right to submit additional factual support, evidence, and affidavits to support the basis for federal jurisdiction as necessary at the appropriate time.

**NOTICE TO STATE COURT AND PLAINTIFF**

Counsel for Bank of America certifies that pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the Superior Court of North Carolina, Mecklenburg County, and served on Plaintiff's counsel promptly.

WHEREFORE, the case now pending in the Clerk of the Superior Court of North Carolina, Mecklenburg County, Case No. 22 CVS 16723, is hereby removed to the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. §§ 1332, 1441, and 1453.

Dated:  November 16, 2022

Respectfully submitted,

/s/ Kobi Kennedy Brinson
Kobi Kennedy Brinson (SBN 23827)
Kevin Zhao (SBN 53680)
WINSTON & STRAWN LLP
300 South Tryon St., 16th Floor
Charlotte, NC 28202
Telephone:  (704) 350-7747
Facsimile:  (704) 350-7800
kbrinson@winston.com
kzhao@winston.com

Matthew D. Benedetto (*pro hac vice* forthcoming)
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Ave., Suite 2100
Los Angeles, CA 90071
Telephone:  (213) 443-5300
Facsimile:  (213) 443-5400
matthew.benedetto@wilmerhale.com

Noah Levine (*pro hac vice* forthcoming)
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich St.
New York, NY 10007
Telephone: (212) 230-8875
Facsimile: (212) 230-8888
noah.levine@wilmerhale.com

*Attorneys for Defendant Bank of America, N.A.*

# CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2022, a copy of the foregoing NOTICE OF REMOVAL was sent via U.S. Mail to:

David M. Wilkerson
THE VAN WINKLE LAW FIRM
11 North Market Street
Asheville, NC 28801

*Counsel for Plaintiff*

*/s/ Kobi Kennedy Brinson*
Kobi Kennedy Brinson
